# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE
MDD_SAGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 2, 2015

LETTER TO COUNSEL

> RE:   L. Hall v. Commissioner, Social Security Administration;
>       Civil No. SAG-09-1086

Dear Counsel:

On April 29, 2009, Plaintiff L. Hall petitioned this Court to review the Social Security Administration's ("SSA") decision to terminate her Supplemental Security Income ("SSI") benefits. (ECF No. 1).  After reviewing the parties' cross-motions for summary judgment, the Honorable Susan K. Gauvey remanded Ms. Hall's case to the SSA for further proceedings, finding that the Administrative Law Judge ("ALJ") had not provided substantial evidence in support of the agency's decision.  (ECF Nos. 37, 38).[1]  On remand, the SSA upheld the termination of Ms. Hall's benefits, and on January 15, 2015, Ms. Hall filed a Renewed Petition for Review of Decision of the Social Security Administration.  (ECF No. 40).  I have considered Plaintiff's petition, Defendant's opposition, and Plaintiff's reply.  (ECF Nos. 45, 48).  Because I find that Judge Gauvey remanded Ms. Hall's case pursuant to sentence four of 42 U.S.C. § 405(g), Ms. Hall's petition is DENIED.  This letter explains my rationale.

Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to Section 405(g).  *See also*, § 1383(c)(3) (providing for judicial review of decisions regarding SSI benefits to the same extent as those regarding disability insurance benefits under Section 405(g)). It is well settled that the fourth and sixth sentences of § 405(g) establish the *only* bases by which a court may remand a case to the Commissioner.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  Under sentence four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Alternatively, under sentence six,

> [t]he court may, on motion of the Commissioner of Social Security . . . remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a

---

[1] Judge Gauvey's letter opinion and order were filed on September 27, 2010.  (ECF Nos. 35, 36).  Corrected versions of the letter opinion and order – with no substantive changes – were filed on February 10, 2011. (ECF Nos. 37, 38).

*L. Hall v. Commissioner, Social Security Administration*
Civil No. SAG-09-1086
March 2, 2015
Page 2

> showing that there is new evidence which is material and that there is good cause
> for the failure to incorporate such evidence into the record in a prior proceeding . .
> .

*Id.*  Pertinent to the pending petition, a key distinction between a sentence four remand and a sentence six remand is that, after a sentence six remand, the Commissioner is required to "file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." *Id.*  Accordingly, when a case is remanded under sentence six, the court retains jurisdiction, and the Commissioner's subsequent decision is subject to review by the Court as a part of the same proceeding.  Alternatively, when a case is remanded under sentence four, the court relinquishes jurisdiction, and to obtain review of the SSA's subsequent decision, a claimant must initiate a new civil action.

Ms. Hall claims that it is unclear whether Judge Gauvey remanded her case pursuant to sentence four or sentence six.  Pl. Reply 4-6.  Ms. Hall argues that this Court should construe the ambiguity in her favor and determine that Judge Gauvey's opinion was a sentence six remand because it did not affirm, reverse, or modify the Commissioner's decision, as is required by sentence four.  Moreover, she claims that Judge Gauvey's opinion was a sentence six remand because "the Court directed the ALJ to consider material facts overlooked in the prior ALJ opinion."  Thus, she contends that the Court should consider her appeal of the Commissioner's decision upholding the termination of her benefits as part of the same proceeding.  However, Ms. Hall's argument misunderstands both Judge Gauvey's opinion and the requirements of sentence six.  Judge Gauvey did not indicate that the remand was based on any new and material evidence, nor did she make a finding that there was good cause for the failure to incorporate such evidence in the earlier proceeding.  Rather, Judge Gauvey remanded the case to the SSA so that the ALJ could more thoroughly articulate the basis for his opinion, based on the evidence already in the record.  Thus, the Commissioner argues, and I agree, that Judge Gauvey's opinion cannot be construed as a sentence six remand, and that it is instead a sentence four remand.

As Ms. Hall correctly notes, Judge Gauvey did not explicitly state that she was remanding the case pursuant to sentence four.  Nor did she state that she was affirming, reversing, or modifying the judgment of the Commissioner, as is required by sentence four.  However, because Judge Gauvey found the explanation for the ALJ's decision inadequate, it is clear that she intended to reverse, at least in part, the judgment of the Commissioner.  Thus, to obtain review of the SSA's subsequent decision, Ms. Hall should have initiated a new civil action prior to the January 16, 2015, deadline.  *See* Pl. Pet. 3.  In light of the ambiguity concerning the authority under which Judge Gauvey remanded Ms. Hall's claims, Ms. Hall

*L. Hall v. Commissioner, Social Security Administration*
Civil No. SAG-09-1086
March 2, 2015
Page 3

should initiate a new civil action[2] to pursue her appeal within 30 days of the filing of this letter opinion.[3]

      For the reasons set forth herein, Ms. Hall's Renewed Petition for Review of Decision of the Social Security Administration (ECF No. 40) is DENIED.  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                  /s/

                Stephanie A. Gallagher
                United States Magistrate Judge

---

[2] Ms. Hall also requests that if she is required to initiate a new action, that the Court waive the filing fee and incorporate the record from this action.  Pursuant to 42 U.S.C. § 405(g), however, it is the duty of the Commissioner, not the plaintiff, to "file a certified copy of the transcript of the record."  Accordingly, it is unclear how Ms. Hall will be prejudiced in this regard by being required to initiate a new civil action. Moreover, if Ms. Hall seeks to have the filing fee waived in the new civil action, she may seek to proceed *in forma pauperis*, as she did in this action.  *See* 28 U.S.C. § 1915(a).

[3] If, upon the filing of a new civil action, the Commissioner were to seek dismissal due to Ms. Hall's failure to seek judicial review within the sixty day statute of limitations, this Court would be required to determine whether the sixty day time frame should be tolled because "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."  *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).  In this case, because this Court is responsible for the ambiguity that caused Ms. Hall to proceed in a timely but procedurally improper manner, the equities are likely to weigh in favor of tolling the sixty day statute of limitations.